IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) |
| SOUTHEASTERN GROCERS, INC., BI-LO, LLC, and WINN-DIXIE STORES, INC., | ) ) ) |
| Defendant. | ) ) |

# COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## STATEMENT OF THE CASE

1. This is a civil action brought pursuant to the Clean Air Act ("CAA" or the "Act"), 42 U.S.C. §§ 7401-7671q, against Defendants Southeastern Grocers, Inc., BI-LO, LLC, and Winn-Dixie Stores, Inc. ("Defendants") for civil penalties and injunctive relief for violations of Section 608 of the CAA, 42 U.S.C. § 7671g, and the commercial refrigerant repair and recordkeeping regulations promulgated thereunder, set forth at 40 C.F.R. Part 82, Subpart F, §§ 82.150-82.169 (Recycling and Emission Reduction).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

3. Venue is proper in this district pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b) and (c), and 1395(a), because some of the violations in this Complaint are alleged to have occurred in this judicial district.

## NOTICE AND AUTHORITY

4. The United States Department of Justice ("DOJ") has authority to bring this action on behalf of the Administrator of EPA pursuant to 28 U.S.C. §§ 516 and 519, and Section 305(a) of the CAA, 42 U.S.C. § 7605(a).

5. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), notice of the commencement of this action has been given to the air pollution control agency for each state in which the violations in this Complaint are alleged to have occurred.

## DEFENDANTS

6. Defendant Southeastern Grocers, Inc. ("SEG, Inc."), a privately held Delaware corporation with its headquarters in Jacksonville, Florida, is a "person" as that term is defined at Section 302(e) of the Act, 42 U.S.C. § 7602(e), and 40 C.F.R. § 82.152, and within the meaning ascribed under Section 113 of the Act, 42 U.S.C. § 7413.

7. Southeastern Grocers, LLC ("SEG, LLC") was a privately held Delaware corporation with its headquarters in Jacksonville, Florida, and was a "person" as that term is defined at Section 302(e) of the Act, 42 U.S.C. § 7602(e), and 40 C.F.R. § 82.152, and within the meaning ascribed under Section 113 of the Act, 42 U.S.C. § 7413.

8. SEG, Inc. was incorporated on, and acquired the assets and liabilities of SEG, LLC, on May 18, 2018.

9. SEG, Inc. is the successor-in-interest to SEG, LLC.

10.     Defendant BI-LO, LLC ("BI-LO"), a privately held Delaware corporation with its headquarters in Jacksonville, Florida, is a "person" as that term is defined at Section 302(e) of the Act, 42 U.S.C. § 7602(e), and 40 C.F.R. § 82.152, and within the meaning ascribed under Section 113 of the Act, 42 U.S.C. § 7413.

11.     Defendant Winn-Dixie Stores, Inc. ("Winn-Dixie"), a privately held Florida corporation with its headquarters in Jacksonville, Florida, is a "person" as that term is defined at Section 302(e) of the Act, 42 U.S.C. § 7602(e), and 40 C.F.R. § 82.152, and within the meaning ascribed under Section 113 of the Act, 42 U.S.C. § 7413.

12.     Defendant SEG, Inc. is the parent company for four retail grocery chains in the southeastern United States: Defendants Winn-Dixie and BI-LO, as well as Harvey's, and Fresco y Más.

13.     Prior to May 18, 2018, SEG, Inc.'s predecessor-in-interest SEG, LLC was the parent company for the same four retail grocery chains: Defendants Winn-Dixie and BI-LO, as well as Harvey's and Fresco y Más.

14.     Defendant SEG, Inc., its predecessor-in-interest SEG, LLC, and Defendants BI-LO and Winn-Dixie used and/or use commercial refrigeration equipment to chill their food display cases.

## STATUTORY AND REGULATORY BACKGROUND

15.     Title VI of the Act, 42 U.S.C. §§ 7671-7671q (Stratospheric Ozone Protection), which implements the Montreal Protocol on Substances That Deplete the Ozone Layer, mandates the elimination or control of emissions of substances that are known or suspected to cause or significantly contribute to harmful effects on the stratospheric ozone layer, referred to as class I and class II substances.

16. Section 608 of Title VI of the Act, 42 U.S.C. § 7671g (National Recycling and Emission Reduction Program), requires EPA to promulgate regulations establishing standards and requirements regarding the use and disposal of class I and class II substances during the service, repair, or disposal of appliances and industrial process refrigeration.

17. EPA promulgated the regulations required by Section 608 at 58 Fed. Reg. 28,660 (May 14, 1993), as amended at 59 Fed. Reg. 42,950 (Aug. 19, 1994), 59 Fed. Reg. 55,912 (Nov. 9, 1994), 60 Fed. Reg. 40,420 (Aug. 8, 1995), 68 Fed. Reg. 43,786 (July 24, 2003), 69 Fed. Reg. 11,946 (Mar. 12, 2004), 70 Fed. Reg. 1972 (Jan. 11, 2005), and 82 Fed. Reg. 82,360 (Nov. 18, 2016). These regulations ("Subpart F Regulations") are codified at 40 C.F.R. Part 82, Subpart F, §§ 82.150-82.169.

A.  **Leak Repair Requirements**

18. The Subpart F Regulations include leak repair requirements for commercial refrigeration equipment normally containing more than 50 pounds of refrigerant – *i.e.*, appliances containing more than 50 pounds of a substance consisting in part or whole of a class I or class II ozone-depleting substance when they are operating with a full charge of refrigerant. 40 C.F.R. § 82.156(i)(1) (2016); 40 C.F.R. § 82.157 (2017).

19. During the relevant time period, "appliance" was defined in Title VI of the Act and the Subpart F Regulations as any device which contains and uses a class I or class II substance as a refrigerant and which is used for household or commercial purposes, including any air conditioner, refrigerator, chiller, or freezer. CAA § 601(1), 42 U.S.C. § 7671(1); 40 C.F.R. § 82.152 (2016). Effective Jan. 1, 2017, "appliance" also includes any device which contains and uses substitute refrigerants. 40 C.F.R. § 82.152 (2017).

20. "Commercial refrigeration" is defined in the Subpart F Regulations as the refrigeration appliances utilized in the retail food and cold storage warehouse sectors, including the refrigeration equipment found in supermarkets and convenience stores. 40 C.F.R. § 82.152.

21. During the relevant time period, pursuant to the Subpart F Regulations, if a commercial refrigeration appliance that normally contains more than 50 pounds of refrigerant has an annual leak rate in excess of 35 percent, the owner or operator of such appliance must, within 30 days after the owner or operator discovers a leak, or should have discovered a leak if the owner or operator intentionally shielded itself from information that would have revealed a leak, either: (a) repair the leak, bringing the annual leak rate below 35 percent, or (b) prepare a one-year retrofit or retirement plan for the leaking appliance, and complete all work in accordance with the plan within one year of the plan's date. 40 C.F.R. § 82.156(i)(1), (6), (9) (2016). Effective Jan. 1, 2019, the annual leak rate threshold was lowered to 20 percent. 40 C.F.R. § 82.157 (2017).

B. **Recordkeeping Requirements**

22. To ensure that owners and operators can determine when they must take action under the leak repair requirements, the Subpart F Regulations also impose recordkeeping requirements for commercial refrigeration appliances normally containing 50 or more pounds of refrigerant.

23. Pursuant to 40 C.F.R. § 82.166(k) and (m), the owner or operator of a commercial refrigeration appliance normally containing 50 or more pounds of refrigerant must keep records documenting the date and type of service on the appliance, as well as the quantity of refrigerant added, and must maintain such records for at least three years.

C. **Enforcement Provisions**

24.     Sections 113(a)(3)(C) and 113(b)(2) of the Act, 42 U.S.C. §§ 7413(a)(3)(C) and 7413(b)(2), authorize the Administrator to bring a civil action against any person in federal district court where such person has violated any requirement of, inter alia, Title VI of the Act, including a requirement of any rule promulgated thereunder.

25.     Section 113(b) of the Act, 42 U.S.C. § 7413(b), authorizes the assessment of civil penalties not to exceed $25,000 per day for each violation of Title VI of the Act. The Federal Civil Penalties Inflation Act of 1990, (28 U.S.C. § 2461 note; Pub. L. 101-410), as amended by the Debt Collection Improvements Act of 1996, (31 U.S.C. § 3701 note; Pub. L. 104-134) and the Federal Civil Penalties Inflation Adjustment Act Improvement Act of 2015 (28 U.S.C. § 2461 note; Pub. L. 114-74, Section 701), require EPA to periodically adjust its civil penalties for inflation. On December 11, 2008, August 1, 2016, January 15, 2017, January 15, 2018, and February 6, 2019, EPA adopted and revised regulations entitled "Civil Monetary Penalty Inflation Adjustment Rule," 40 C.F.R. Part 19, to upwardly adjust the maximum civil penalty under the CAA.

26.     For the period relevant to this Complaint, the United States may seek civil penalties of up to $37,500 per day for each violation occurring on or after January 13, 2009 through November 2, 2015, and $99,681 per day for each violation occurring on or after November 2, 2015, and assessed after January 15, 2019. *See* 40 C.F.R. Part 19, 73 Fed. Reg. 75340 (Dec. 11, 2008); 78 Fed. Reg. 66643 (Dec. 6, 2013); 84 Fed. Reg. 2056 (Feb. 6, 2019).

## FACTUAL ALLEGATIONS

27.     Defendants own or operate commercial refrigeration appliances at many of their stores in the United States.

6

28. Defendants' commercial refrigeration appliances are "appliances" within the meaning of Section 601(1) of the Act, 42 U.S.C. § 7671(1), 40 C.F.R. § 82.152 (2016), and 40 C.F.R. § 82.152 (2017), and "commercial refrigeration" equipment within the meaning of 40 C.F.R. § 82.152.

29. Defendants employ a class I or class II substance (refrigerant) in their commercial refrigeration appliances.

30. Each of Defendants' commercial refrigeration appliances normally contains 50 or more pounds of refrigerant.

31. On August 25-26, 2015, EPA conducted an inspection of 7 Winn-Dixie stores in Jacksonville, FL.

32. On September 22, 2015 EPA issued an information request ("Sept. 2015 Information Request") to SEG, LLC pursuant to Section 114(a) of the Act, 42 U.S.C. § 7414(a), regarding the repair of leaks from commercial refrigeration appliances containing and using a class I or class II substance as a refrigerant at 15 of Winn-Dixie's stores in Florida. On December 4, 2015, SEG, LLC submitted its response to EPA's Sept. 2015 Information Request.

33. On March 11, 2016, EPA issued a Finding of Violation pursuant to CAA Section 113(a)(1), 42 U.S.C. § 7413(a)(1), finding that SEG, LLC violated the leak repair and/or recordkeeping requirements of 40 C.F.R. Part 82, Subpart F at 5 Winn-Dixie grocery stores located in Jacksonville, Florida.

34. On November 11, 2016, SEG, LLC provided to EPA a Self-Evaluation Report pertaining to 646 appliances in 366 stores owned and/or operated by SEG, LLC (now SEG, Inc.),

and/or its subsidiaries, including BI-LO and Winn-Dixie,[1] that are located in Alabama, Florida, Georgia, Louisiana, Mississippi, North Carolina, and South Carolina.

35. On March 15, 2017, EPA issued a second information request (March 2017 Information Request") to SEG, LLC pursuant to Section 114(a) of the Act, 42 U.S.C. § 7414(a), to obtain service records for 43 appliances at 35 grocery stores in the southeastern United States. SEG, LLC submitted its response on April 26, 2017.

36. Based on EPA's inspections and analysis of the information contained in SEG, LLC's responses to the Sept. 2015 and March 2017 Information Requests, the SEG Self-Evaluation Report, and subsequent communication between EPA and Defendants, the United States alleges the following violations of Section 113 of the Act, 42 U.S.C. § 7413, and the Subpart F Regulations.

## FIRST CLAIM FOR RELIEF

**(Failure to Repair Leaking Appliances, in Violation of
40 C.F.R. § 82.156(i)(1) and (9) (2016))**

37. The allegations in Paragraphs 1 through 36 above are re-alleged and incorporated herein by reference.

38. With respect to one or more commercial refrigeration appliances at some of its stores in the United States with such appliances, SEG discovered a refrigerant leak (or, subject to a reasonable opportunity for further investigation or discovery, should have discovered a refrigerant leak had it not intentionally shielded itself from information that would have revealed a leak) at a time when such appliance had an annual leak rate in excess of 35 percent, and failed to repair the leak within 30 days of discovery to bring the annual leak rate to below 35 percent,

---

[1] For purposes of this Complaint, SEG, LLC, SEG, Inc., BI-LO, and Winn-Dixie will be referred to collectively as "SEG."

8

without preparing a one-year plan for retrofit or retirement for the appliance, in violation of Section 608 of the Act, 42 U.S.C. § 7671g, and 40 C.F.R. § 82.156(i)(1) and (9) (2016).

39. Effective Jan. 1, 2019, SEG is required to comply with an annual leak rate of 20 percent. 40 C.F.R. § 82.157 (2017).

40. Subject to a reasonable opportunity for further investigation or discovery, some of the violations alleged in Paragraph 38 have not been corrected and will continue in the future to be violations of 40 C.F.R. § 82.157 (2017).

41. As provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the violations set forth above subject Defendants to injunctive relief and a civil penalty of up to $37,500 per day for each violation occurring on or after January 13, 2009 through November 2, 2015, and $99,681 per day for each violation occurring on or after November 2, 2015, and assessed after January 15, 2019. 40 C.F.R. Part 19.

## SECOND CLAIM FOR RELIEF

### (Failure to Maintain Adequate Servicing Records, in Violation of 40 C.F.R. § 82.166(k) and (m))

42. The allegations in Paragraphs 1 through 36 above are re-alleged and incorporated herein by reference.

43. At some of its stores in the United States with commercial refrigerant appliances, SEG failed to keep servicing records documenting the date and type of service to commercial refrigeration appliances, as well as the quantity of refrigerant added to such appliances, and/or failed to maintain such servicing records for a minimum of three years, in violation of Section 608 of the Act, 42 U.S.C. § 7671g, and 40 C.F.R. § 82.166(k) and (m).

44. Subject to a reasonable opportunity for further investigation or discovery, some of the violations alleged in Paragraph 43 have not been corrected and will continue in the future.


45. As provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the violations set forth above subject Defendants to injunctive relief and a civil penalty of up to $37,500 per day for each violation occurring on or after January 13, 2009 through November 2, 2015, and $99,681 per day for each violation occurring on or after November 2, 2015, and assessed after January 15, 2019. *See* 40 C.F.R. Part 19, 73 Fed. Reg. 75340 (Dec. 11, 2008); 78 Fed. Reg. 66643 (Dec. 6, 2013); 84 Fed. Reg. 2056 (Feb. 6, 2019).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States, respectfully requests that this Court:

A. Order Defendants to take appropriate action to remedy and prevent violations of Section 608 of the Act, 42 U.S.C. § 7671g, and the regulations promulgated thereunder, 40 C.F.R. Part 82, Subpart F, at its stores, including steps to mitigate emissions associated with the violations alleged above;

B. Assess civil penalties against Defendants of not more than $37,500 per day for each violation occurring on or after January 13, 2009 through November 2, 2015; $99,681 per day for each violation occurring on or after November 2, 2015 and assessed on or after January 15, 2019;

C. Award the United States its costs and expenses incurred in this action; and

D. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

THE UNITED STATES OF AMERICA

*/s/ Jeffrey Bossert Clark*

JEFFREY BOSSERT CLARK
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ Rachael Amy Kamons*

RACHAEL AMY KAMONS
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington DC 20044
Telephone: (202) 514-5260
Facsimile: (202) 616-2427
Email: rachael.kamons@usdoj.gov

Of Counsel:
CHRISTOPHER GRUBB
Associate Regional Counsel
U.S. EPA Region 5
77 W. Jackson Blvd. (C-14J)
Chicago, IL 60604
Telephone: (312) 886-7187
E-mail: grubb.christopher@epa.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
Southeastern Grocers, Inc., BI-LO, LLC, and Winn-Dixie Stores, Inc.

**(b)** County of Residence of First Listed Plaintiff: 
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Duval
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rachael Amy Kamons, Environmental Enforcement Section, U.S. Department of Justice, P.O. Box 7611, Washington, DC 20044-7611, (202) 514-5260

Attorneys *(If Known)*
Fern Paterson, Parker Poe, Three Wells Fargo Center, 401 South Tryon Street, Suite 3000, Charlotte, NC 28202, (704) 335-9891

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY (cont.)**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- [X] 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 113(b) of the Clean Air Act, 42 U.S.C. 7413

Brief description of cause:
Refrigerant leak repair and recordkeeping violations of 40 C.F.R., Part 82, Subpart F.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE 
DOCKET NUMBER 

DATE: 08/23/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Rachael Amy Kamons

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   **(b)   County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   **(c)   Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.   Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.   Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.  **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.   Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.